UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY WILSON                                                CIVIL ACTION

versus                                                     NO. 12-2577

JAMES LEBLANC                                              SECTION: "G" (1)

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Gary Wilson, is a state prisoner incarcerated at the Winn Correctional Center, Winnfield, Louisiana. On March 15, 2005, he was convicted of unauthorized entry of an

inhabited dwelling under Louisiana law.[1] On July 12, 2005, he was found to be a fourth offender and was sentenced as such to a term of twenty years imprisonment.[2] On March 28, 2007, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction, habitual offender adjudication, and enhanced sentence.[3] Petitioner then filed a related but untimely writ application with the Louisiana Supreme Court which was denied on August 22, 2008.[4]

On or after December 31, 2008, petitioner filed an application for post-conviction relief with the state district court.[5] That court failed to rule on the application; however, in a related proceeding, the Louisiana Fourth Circuit Court of Appeal denied relief on February 3, 2010.[6] The

---

[1] State Rec., Vol. I of V, minute entry dated March 15, 2005.

[2] State Rec., Vol. II of V, transcript of July 12, 2005; State Rec., Vol. I of V, minute entry dated July 12, 2005.

[3] State v. Wilson, 956 So.2d 41 (La. App. 4th Cir. 2007) (No. 2006-KA-1421); State Rec., Vol. I of V.

[4] State *ex rel.* Wilson v. State, 988 So.2d 253 (La. 2008) (No. 2007-KH-1980); State Rec., Vol. I of V.

[5] State Rec., Vol. I of V.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  That date cannot be gleaned with certainty from the state court record with respect to this application; however, petitioner himself dated the application, supporting memorandum, and accompanying cover letter December 31, 2008, and therefore it could not have been mailed before that date.

[6] State v. Wilson, No. 2009-K-1732 (La. App. 4th Cir. Feb. 3, 2010); State Rec., Vol. I of V.

Louisiana Supreme Court then likewise denied petitioner's related writ application on March 4, 2011.[7]

On or after June 30, 2011, petitioner filed the instant federal application seeking *habeas corpus* relief.[8] The state argues that the federal application is untimely.[9] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[10] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ

---

[7] State *ex rel.* Wilson v. State, 58 So.3d 466 (La. 2011) (No. 2010-KH-0545); State Rec., Vol. V of V.

[8] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner placed his federal application in the prison mailing system on or after June 30, 2011. See Rec. Doc. 1, p. 15. The application was originally filed in the United States District Court for the Western District of Louisiana and subsequently transferred to this Court.

[9] Rec. Doc. 18.

[10] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

> of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

In the instant case, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction, habitual offender adjudication, and enhanced sentence on March 28, 2007,[11] and it mailed notice of that judgment to the parties on that same date.[12] Therefore, at the latest, his state criminal judgment became final on April 27, 2007, when his thirty-day period expired for filing a writ application with the Louisiana Supreme Court to challenge the judgment of the Court of Appeal.

---

[11] State v. Wilson, 956 So.2d 41 (La. App. 4th Cir. 2007) (No. 2006-KA-1421); State Rec., Vol. I of V.

[12] State Rec., Vol. II of V, Certificate of Mailing.

This Court expressly notes that, as part of the direct review proceedings, petitioner subsequently filed a related Louisiana Supreme Court writ application in case number 2007-KH-1980. However, that application was clearly filed no earlier than August 22, 2007,[13] almost four months past the deadline. Because the application was untimely, it did not affect the finality date of petitioner's criminal judgment for purposes of § 2244(d)(1)(A). Butler, 533 F.3d at 317-20; see also Allen v. Tanner, Civ. Action Nos. 11-927 and 11-1601, 2011 WL 4344586, at *1 (E.D. La. Aug. 19, 2011), adopted, 2011 WL 4345081 (E.D. La. Sept. 15, 2011); Boudreaux v. Cain, Civ. Action No. 07-1041, 2009 WL 4730706, at *2 (E.D. La. Dec. 9, 2009).

Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's one-year federal limitations period commenced on April 27, 2007. The period then expired on April 28, 2008,[14] unless that deadline was extended through tolling.

---

[13] As previously noted, the filing date is the date on which petitioner "placed [the application] in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date is not reflected in the state court record; however, petitioner himself dated the application August 22, 2007, and therefore it could not have been mailed before that date.

[14] The Court is aware that, because the year 2008 was a leap year, the three-hundred-sixty-fifth day of petitioner's one-year period was April 26, 2008. However, courts have held that it is the "anniversary date" on which the AEDPA's statute of limitations expires, regardless of the existence of an additional day due to a leap year. See, e.g., United States v. Hurst, 322 F.3d 1256, 1261-62 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Zeno v. Louisiana, Civ. Action No. 06-4096, 2009 WL 3190461, at *3 n.17 (E.D. La. Sept. 30, 2009). Therefore, the limitations period would normally have expired on April 27, 2008, but, because that was a Sunday, the federal limitations period was extended by one additional day. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

During the applicable one-year period, petitioner filed only one state application, i.e. his Louisiana Supreme Court writ application in case number 2007-KH-1980. However, again, that application was filed on *direct* review, not on post-conviction or collateral review. Therefore, the provisions of § 2244(d)(2) are inapplicable, and no statutory tolling can be granted for that application. Butler, 533 F.3d at 318 ("Under [§ 2244(d)(2)] it is only state post-conviction relief proceedings that cause tolling.") and 320 ("Filings that are not part of habeas or post-conviction proceedings do not invoke Section 2244(d)(2) tolling."); see also Allen, 2011 WL 4344586, at *2; Boudreaux, 2009 WL 4730706, at *3.

Because the untimely writ application does not qualify for statutory tolling, and because petitioner had no other state applications pending at any time during the one-year limitations period, he clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).[15]

The Court must also consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland

---

[15] The Court notes that petitioner subsequently filed a state post-conviction application on December 31, 2008. However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

v. Florida, 130 S.Ct. 2549, 2560 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 28, 2008.  Because his federal application was not filed until on or after June 30, 2011, it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Gary Wilson be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this first day of April, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.